IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JONATHON KYLE FIELDS                                                                                 PLAINTIFF

       v.                          Civil No. 4:11-cv-04087

SHERIFF BUTCH MORRIS;
and JANA TALLANT                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jonathon Fields filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 15, 2011.  ECF No. 1.  Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

I.    BACKGROUND

Plaintiff filed his Complaint on September 15, 2011.  ECF No. 1.  Plaintiff was incarcerated in the Howard County Detention Center ("HCDC") during the time in issue in this matter.  In his Complaint, Plaintiff alleges Defendants (1) discriminated against him; (2) denied him medication; (3) made him sleep on the floor; (4) denied him access to the law library; (5) denied him right to worship in the chapel on Sundays; and (6) that there is no nurse on duty at the HCDC.  ECF No. 1, p. 5.

1

The Court granted Plaintiff's Application to proceed *in forma pauperis* on September 15, 2011.  ECF No. 3.  In this Order, the Court advised Plaintiff that he was to immediately inform the Court of any change of address and failure to do so may result in the dismissal of this case.  ECF No. 3.

On September 20, 2011, the Court received a change of address from Plaintiff.  Pursuant to this request the Court changed Plaintiff's address of record to the ADC Diagnostic Unit.  ECF No. 5.

On September 21, 2011 the Court learned that Plaintiff was transferred from the ADC Diagnostic Unit to the ADC Delta Regional Unit.  The Court changed Plaintiff's address of record to reflect this transfer.  ECF No. 6.

On September 29, 2011, the Court ordered Plaintiff to complete a Court prepared Addendum to his Complaint and return it to the Court by October 28, 2011.  ECF No. 8.  Plaintiff filed his Addendum on October 24, 2011.  ECF No. 9.

On June 18, 2012, the Court received mail sent to Plaintiff at the ADC Delta Regional Unit returned as undeliverable and marked paroled.  Through its own research, the Court determined Plaintiff's current address to be 109 Buckeye, Mineral Springs, Arkansas and changed his address of record to such.  ECF No. 11.

On May 6, 2013, the Court entered an Order to Show Cause noting that the Court had not received any mail returned as undeliverable since June 18, 2012 when it changed Plaintiff's address to the Mineral Springs address, but the Court also had not received any correspondence or filings from Plaintiff since October 2011.  The Court ordered Plaintiff to respond to the Order indicating whether he intended to prosecute this action.  ECF No. 12. This Order was sent to Plaintiff's address

of record—109 Buckeye, Mineral Springs, Arkansas—but was returned as undeliverable on May 28, 2013. The same day, the Court resent the Order to Show Cause to the forwarding address provided on the returned envelope—630 W. Division Street, Blossom, Texas 75416. The Order to Show cause sent to Blossom, Texas has not been returned as undeliverable and Plaintiff has not responded to the Order.

**APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal

3

with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## II.     DISCUSSION

Plaintiff has failed to comply with two Court orders—the Court's September 15, 2011 Order advising Plaintiff to keep the Court informed of his current address and the Court's May 6, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. Plaintiff has not communicated with the Court in this matter since October 2011.

While Plaintiff has consistently failed to inform the Court of his current address, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff because it is unclear if Plaintiff ever received the Court's orders once he was paroled from prison. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## III.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of September 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
